OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DANIEL L. RICE as trustee of the
Rice Revocable Trust dated Oct 26,
2011,

    and

BONNIE L. BRALEY,
    Plaintiffs,

    v.

JODIE CLARK
aka JODIE BETH TATUM,

    and

GARY D. KADE,

    and

LISA A. KADE,
    Defendants
                                          /

Case No.: 19-cv-13145
Honorable _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

---

### COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF

1

NOW COMES Plaintiffs DANIEL L. RICE as trustee of the Rice Revocable Trust dated Oct 26, 2011, and BONNIE L. BRALEY, by and through counsel, and complains as follows:

**PARTIES**

1. Plaintiff DANIEL L. RICE is the trustee of the Rice Revocable Trust dated Oct 26, 2011 ("Plaintiff Rice") and is the owner of certain property located at 1815 Congress, Saginaw, Michigan.

2. Plaintiff BONNIE L. BRALEY ("Plaintiff Braley") is the owner of certain property located at 1890 South Merrill Road, Merrill, Michigan.

3. Defendant JODIE CLARK aka JODIE BETH TATUM was a land contract vendee as to 1815 Congress, Saginaw, Michigan until she forfeited the same due to the passage of 15 days, without cure, on a Land Contract dated July 23, 2015.

4. Defendants GARY D. KADE, and LISA A. KADE, husband and wife, were a land contract vendee as to 1890 South Merrill Road, Merrill, Michigan until they forfeited the same due to the passage of 15 days, without cure, on a Land Contract dated January 25, 2011.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## JURISDICTION

5. This is a civil action brought seeking injunctive and declaratory relief to challenge the use and constitutionality of Michigan land contract redemption statute.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions, and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

7. Venue is proper in this Court as Defendants conduct their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. This legal action seeks to challenge the constitutionality of Michigan land contract redemption statute regarding two land contracts which were forfeited by Defendants and for which each Defendant is just about to invoke (or has by this case is decided, has attempted to exercise) Michigan's land contract redemption statute to cause the redemption of contract rights contrary to the plain language of the land contracts.

### *1890 South Merrill Road*

9. On January 25, 2011, Plaintiff Braley (with then her late husband Charles Braley) entered into a land contract with Gary D. and Lisa A. Kade

3

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

for the sale/purchase of property and a home located at 1890 South Merrill Road in Merrill, Michigan (hereinafter the Braley/Kade Land Contract).

10. A copy of the Braley/Kade Land Contract is attached hereto as **Exhibit A**.

11. The Braley/Kade Land Contract specifically directed when payments were due and how much payments were to be, and specifically provided the various other rights and obligations of both parties.

12. This included that the Kade Defendants were required to pay the real property taxes when due. See **Exhibit A, ¶2(d).**

13. Defendants Gary and Lisa Kade routinely failed to make payments when due and proffered checks which routinely bounced causing ongoing losses and expenses to Plaintiff Braley.

14. Promises were routinely made by Defendant Gary Kade and this wife to correct their ways and within the next payment period, payments were not timely made.

15. According to Plaintiff Braley's records, Defendants Gary and Lisa Kade proffered 15 checks that bounced for insufficient funds throughout 2018 and 2019 and was nearly always late with payment.

16. Plaintiff Braley time and again had to seek legal counsel to force the Kade Defendants to meet their obligations.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

17. Yet, thereafter, the Kade Defendants returned to their old ways.

18. Finally, the last straw has had.

19. The County of Saginaw sent notice to Plaintiff Braley that property taxes for 1890 South Merrill Road in Merrill, Michigan has not been paid for 2017 and 2018 with an arrearage of $7,476.70 and that tax forfeiture proceedings were commencing against the property. **Exhibit C.**

20. On September 11, 2019, a notice of forfeiture was sent, via US mail, to the Kade Defendants informing them of the breach and provided notice if the breach of unpaid taxes is not cured within 15 days, the land contract will be forfeited, as provided by the contract, and you will be required to moved out and give up the described property without further notice to you. **Exhibit B.**

21. The Braley/Kade Land Contract provided that—

> If the Purchaser [the Kades] shall fail to perform this contract or any part thereof, the Seller [Braley] immediately after such default shall have the right to declare the same forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the premises, together with additions and accretions thereto, and consider and treat the Purchaser [the Kades] as his tenant holding over without permission and may take immediate possession of the premises, and have the Purchaser [the Kades] and each and every other occupant removed and put out. In all cases where a notice of forfeiture is relied upon by the Seller [Braley] to terminate rights hereunder, such notice shall specify all unpaid moneys and other breaches of this contract and shall declare forfeiture of this contract effective in fifteen days after service unless such money

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

5

is paid and any other breaches of this contract are cured within that time.

22. More than 15 days passed without any cure by the Kade Defendants and thusly the Braley/Kade Land Contract was forfeited and void.

23. Defendants Gary and Lisa Kade did not vacate the premises.

24. Plaintiff Braley then brought a summary proceeding before the Saginaw County 70th District Court to seek a possession judgment. **Exhibit D.**

25. After being served with the legal action and Plaintiff Braley's refusal to accept any more empty promises/excuses, Defendants Gary and Lisa Kade began scrambling to try to pay off the amounts past due by dropping off checks to either Plaintiff Braley's home or her attorney's office *after* September 26, 2019. **Exhibit E.**

26. However, at that point, the Braley/Kade Land Contract was voided and a nullity.

27. At this point, Plaintiff Braley simply wants to be able to be freed of the disreputable Kade Defendants as is her right under the Braley/Kade Land Contract upon the failure to cure.

28. Yet, Defendants Gary and Lisa Kade have indicated, by counsel, that they will be seeking, upon entry of the possession judgment, to redeem

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

the Braley/Kade Land Contract using Michigan's land contract redemption statute.

### *1815 Congress*

29. On July 23, 2015, Plaintiff Rice entered into a land contract with Defendant Clark for the sale/purchase of property and a home located at 1815 Congress in Saginaw, Michigan (hereinafter the Rice/Clark Land Contract).

30. A copy of the Rice/Clark Land Contract is attached hereto as **Exhibit F**.

31. The Rice/Clark Land Contract specifically directed when were due and how much payments were to be, and specifically provided the rights and obligations of both parties.

32. This included that Defendant Clark was required "to keep and maintain the premises and building thereon in as a good condition as they are at the date hereof." **Exhibit F, ¶2(d).**

33. Substantial damage incurred inside the home at 1815 Congress.

34. Defendant Clark breached the Rice/Clark Land Contract by refusing to restore the home at 1815 Congress, Saginaw, Michigan to its original pre-damaged form and caused waste thereupon.

35. On November 9, 2018, a notice of forfeiture was sent, via US mail, to the Defendant Clark informing her of the breach and provided notice if the breach is not cured within 15 days, the land contract will be forfeited, as provided by the contract, and you will be required to moved out and give up the described property without further notice to you. **Exhibit G.**

36. The Rice/Clark Land Contract provided—

> If the Purchaser [Defendant Clark] shall fail for fifteen (15) days to perform this contract or any part thereof, the Seller [Plaintiff Rice] immediately after such default shall have the right to declare the same forfeited and void, and retain whatever monies may have been paid hereon, and all improvements that may have been made upon the premises, together with additions and accretions thereto, and consider and treat the purchaser [Defendant Clark] as its tenant holding over without permission and may take immediate possession of the premises, and the Purchaser [Defendant Clark]and each and every other occupant removed and put out.

37. More than 15 days passed without any cure by Defendant Clark and thusly the Rice/Clark Land Contract was forfeited and void.

38. Defendant Clark did not vacate or surrender the premises.

39. While still in possession, a second fire (i.e. Fire No. 2) occurred at 1815 Congress, Saginaw, Michigan.

40. Fire No. 2 'totaled' the home at 1815 Congress. **Exhibit H.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

41. The premises of 1815 Congress was insured by an insurance policy naming both Plaintiff Rice and Defendant Clark as payees, in some capacity, for 1815 Congress.

42. At this point, Plaintiff Rice simply wants to be able to be returned to full ownership of 1815 Congress as is his right under the Rice/Clark Land Contract upon the failure to cure.

43. Plaintiff Rice then brought a summary proceeding before the Saginaw County 70th District Court to seek a possession judgment. **Exhibit I.**

44. Yet, Defendant Clark has indicated, individually and by counsel, that she will be seeking, upon entry of the possession judgment, to redeem the Rice/Clark Land Contract using Michigan's land contract redemption statute to attempt to take back 1815 Congress and seize the proceeds of insurance coverage for her own benefit and not for the repair/restoration of 1815 Congress to make Plaintiff Rice whole.

### *Michigan's Land Contract Redemption Statute*

45. Section 5744 of the Revised Judicature Act of 1961, MCL 600.5744, provides that—

> Subject to the time restrictions of this section, the court entering a judgment for possession in a summary proceeding shall issue a writ commanding a court officer appointed by or a bailiff of the issuing court, the sheriff or a deputy sheriff of the county in which

9

the issuing court is located, or an officer of the law enforcement agency of the local unit of government in which the issuing court is located to restore the plaintiff to and put the plaintiff in full, peaceful possession of the premises by removing all occupants and all personal property from the premises and doing either of the following: (a) Leaving the property in an area open to the public or in the public right-of-way [or] (b) Delivering the property to the sheriff as authorized by the sheriff. MCL 600.5744(1).

46. However—

If a judgment for possession is based on forfeiture of an executory contract for the purchase of the premises, a writ of restitution must not be issued until the expiration of 90 days after the entry of judgment for possession if less than 50% of the purchase price has been paid or until the expiration of 6 months after the entry of judgment for possession if 50% or more of the purchase price has been paid. MCL 600.5744(4).

47. The reason for this delay in restoring possession of forfeited premises to the owner is to allow a former land contract vendee the right to deem the now void land contracts under what is known as the "right of redemption."

48. This right of redemption is provided by MCL 600.5744(7) (formerly subsection (6))—

If a judgment for possession is for nonpayment of money due under a tenancy or for nonpayment of money required to be paid under or any other material breach of an executory contract for purchase of the premises, the writ of restitution must not be issued if, within the time provided, the amount stated in the judgment, with the taxed costs, is paid to the plaintiff and other material breaches of the executory contract for purchase of the premises are cured.

49. Reading together Subsections (4) and (6), Michigan's land contract redemption statute prevents Plaintiffs from enforcing their contacts, as written, and thereby impairs the rights each have under the land contracts to deem the same forfeited and/or void, and also takes, without just compensation, Plaintiffs' respective property right in the form of regaining proper ownership after each Defendant's failure to both 1.) not breach the contract and 2.) cure within the required 15 days upon notice of the same.

## COUNT I
## IMPAIRMENT OF CONTRACTS
### Article I, Section 10

50. The prior paragraphs are pled word for word herein.

51. Article I, Section 10 (the contract clause) of the United States Constitution, provides that "no State shall... pass any... Law impairing the Obligation of Contracts..."

52. Michigan's land contract redemption statute has, in fact, operated as a substantial impairment of a contractual relationship between Plaintiffs and Defendants as to the Braley/Kade Land Contract and the Rice/Clark Land Contract.

53. Michigan's land contract redemption statute fails, in justification, to have a significant and legitimate public purpose behind the regulation

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

sufficient to impair the Braley/Kade Land Contract and the Rice/Clark Land Contract.

54. Moreover, any adjustment of the rights and responsibilities of contracting parties fails to be based upon reasonable conditions and fails to be of a character appropriate to any public purpose justifying the Michigan's land contract redemption statute's adoption.

55. As such, Michigan's land contract redemption statute, namely MCL 600.5744(4) and (6), when read together and construed violates the Contract Clause of Article I, Section 10 of the United States Constitution.

### COUNT II
### TAKING
### 5th/14th Amendments

56. The prior paragraphs are pled word for word herein.

57. The Fifth Amendment of the United States Constitution, made applicable to state actors pursuant to the Fourteenth Amendment of the United States Constitution, prohibits the taking of property for a public purpose without just compensation.

58. By taking each Plaintiff's contractual (i.e. property) rights to gain immediate and rightful possession of their properties at 1815 Congress and 1890 South Merrill Road via Michigan's land contract redemption statute, Michigan law effectuates a taking without the payment of just compensation.

59. Michigan's land contract redemption statute takes property interests belonging to Plaintiffs for a non-public purpose.

60. To the extent this Court concludes Michigan's land contract redemption statute takes property interests belonging to Plaintiffs for a public purpose, Michigan's land contract redemption statute fails to provide any mechanism for the payment of just compensation.

## RELIEF REQUESTED

61. WHEREFORE, Plaintiffs respectfully request this Court to—

   a. Declare Michigan's land contract redemption statute violates the Contract Clause of Article I, Section 10 of the United States Constitution;

   b. Declare Michigan's land contract redemption statute violates the Fifth/Fourteenth Amendments of the United States Constitution;

   c. Enjoin Defendants from exercising any right of redemption as purportedly provided by Michigan's land contract redemption statute;

   d. Award costs; and

   e. Grant such further relief as warranted by law.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: October 25, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs