UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL L. RICE

        Plaintiffs,

v                                            Case No. 19-13145
                                                   Honorable Thomas L. Ludington

JODIE CLARK,

        Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT**

On October 25, 2019, Plaintiff Daniel Rice filed a complaint against Defendant Jodie Clark seeking "injunctive and declaratory relief to challenge the use and constitutionality of Michigan [sic] land contract redemption statute."[1] ECF No. 1 at PageID.3. Plaintiff Rice is a property owner who entered into a land contract with Defendant Clark. The contract required Defendant Clark to "keep and maintain the premises and building thereon in as a good condition as they are at the date hereof." ECF No. 1-6 at PageID.31. The contract further provides

> If the Purchaser [Defendant Clark] shall fail for fifteen (15) days to perform this contract or any part thereof, the Seller [Plaintiff Rice] immediately after such default shall have the right to declare the same forfeited and void…

ECF No. 1-6 at PageID.32.

Plaintiff Rice alleges that a fire substantially damaged the house on the property. ECF No. 13 at PageID.91. According to Plaintiff Rice, Defendant Clark did not repair the house and "purposely directed her adopted-brother, acting as an unlicensed contractor, to cut back on restoration work to provide herself with more money and leave 1815 Congress not restored." *Id.* A second fire subsequently occurred and "completely 'totaled' the home at 1815 Congress." *Id.*

---

[1] Plaintiff was initially joined by another plaintiff, Bonnie L. Braley. However, Plaintiff Braley filed a notice of dismissal soon after filing the complaint. ECF No. 9.

Plaintiff notes that "[t]he premises of 1815 Congress was insured by an insurance policy naming, on information and belief, both Plaintiff Rice and Defendant Clark as payees, in some capacity, for 1815 Congress." *Id.*

### I.

Plaintiff is challenging § 600.5744 of the Michigan Revised Judicature Act of 1961. Plaintiff contends that

> Michigan's land contract redemption statute prevents Plaintiffs from enforcing their contacts [sic], as written, and thereby impairs the rights each have under the land contracts to deem the same forfeited and/or void, and also takes, without just compensation, Plaintiffs' respective property right in the form of regaining proper ownership after each Defendant's failure to both 1.) not breach the contract and 2.) cure within the required 15 days upon notice of the same.

ECF No. 1 at PageID.11.

Plaintiff's complaint presents two counts. The first count alleges an impairment of contracts in violation of Article I, Section 10 of the United States Constitution, which provides "[n]o State shall…pass any…Law impairing the Obligation of Contracts…" U.S. CONST. art. I §10. The second count alleges a taking in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

### II.

Plaintiff has now filed a "Motion to Dismiss Case Without Prejudice Due to Ripeness Issues." ECF No. 13. He contends that the "state court is not sure if a forfeiture is available in these circumstances and Clark's counsel has admitted that Clark does not have the money to redeem even if she wanted to…Until Clark can or is about to actually redeem her land contract, this case turned unripe." *Id.* at PageID.92-93. Plaintiff's argument is curious given his assertion that the premises were insured.

Defendant responded that she does not oppose Plaintiff's motion. ECF No. 15. However, she considered it "necessary to submit a counter statement of facts" because Plaintiff's claims "were never ripe." ECF No. 15 at PageID.100. Her response provides:

> Defendant had acquired and maintained insurance on the premises that was approved by the Plaintiff and Plaintiff was listed as the Land Contract holder. Defendant has consistently desired to provide the Plaintiff with the entire balance of the Land Contract through the insurance proceeds in order to satisfy the Land Contract obligation. The Plaintiff, however, has refused to accept payment of the Land Contract balance on the theory that there was a forfeiture. More recently, the Plaintiff has altered this position to assert that insurance approved by the Plaintiff and Defendant is insufficient to rebuild a new home for the Plaintiff.

*Id.* Defendant's characterization of the underlying facts differs from Plaintiff's. However, she does not oppose Plaintiff's motion to dismiss. Accordingly, it is unnecessary to resolve the factual differences between the two parties.

### III.

It is **ORDERED** that Plaintiff's motion to dismiss, ECF No. 13, is **GRANTED** without addressing the merits of either parties' arguments.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

Dated: March 9, 2020                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge